IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER BRENNAN O'NEAL,

    Petitioner,　　　　　　　　　　No. CIV S-08-2528 KJM P

  vs.

M.C. KRAMER, et al.,

    Respondents.　　　　　　　　　<u>ORDER</u>

                                  /

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis and a request to stay the action to allow him to exhaust state remedies on the first claim in the petition.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

        The petition raises three grounds: (1) breach of contract, because petitioner was declared a second-striker when his plea bargain was for him to admit one strike; (2) counsel was ineffective for not advising petitioner of his right to a jury trial on the allegation of his prior strike, and the trial court failed to advise him of his right to a jury trial on the strike allegation;

1

and (3) whether the evidence was sufficient to support the strike allegation and whether trial counsel was ineffective in failing to investigate whether the prior charge was a strike. Petitioner has asked the court to stay the habeas petition while he exhausts state remedies on the second and third grounds.

The court has the authority to stay a habeas petition so that the petitioner can exhaust state court remedies if the petitioner shows his claims are potentially meritorious and good cause for failure to exhaust earlier. <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005). Petitioner has not addressed why he did not raise these two grounds during his first state collateral attack on his conviction and thus has failed to satisfy the requirements for a stay.

However, since petitioner may be entitled to relief if the claimed violation of constitutional rights is proved, respondents will be directed to file a response to the first ground only of petitioner's habeas petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. Respondents are directed to file a response to the first ground of petitioner's habeas petition within sixty days from the date of this order. <u>See</u> Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. <u>See</u> Rule 5, Fed. R. Governing § 2254 Cases;

3. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

4. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondents' reply, if any, shall be filed and served within fifteen days thereafter;

/////

/////

5. The Clerk of the Court shall serve a copy of this order together with a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell, Senior Assistant Attorney General; and

6. Petitioner's motion for a stay (docket no. 3) is denied.

DATED: April 2, 2009.

_____
U.S. MAGISTRATE JUDGE